FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 MAY -8 PM 1: 51

CLERK _J Burton_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| RALEIGH KELLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CV 105-135 |
| | ) | |
| UNITED STATES MARSHAL SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The captioned matter is before the Court on Plaintiff's "Compliance Motion" and request for the appointment of counsel. (Doc. nos. 16 & 17.) Also of note, on March 14, 2006, the Court extended the time for effecting service of process upon Defendants, giving Plaintiff until on or about Monday, April 3, 2006 to effect service. (See doc no. 15, p. 4.) The Court informed Plaintiff that failure to effect service of process prior to the expiration of this deadline could lead to the dismissal of the instant case. (Id.) That time has now long since expired, and Plaintiff has not provided the Court with any reason to suppose that service has been accomplished. Accordingly, for the reasons more fully explained below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motions (doc. nos. 16 & 17) be **DENIED** and that this case be **DISMISSED** without prejudice. To the extent Plaintiff's motions are an attempt to explain his failure to effect service of process, the Court will address them herein.

Following the transfer of the instant case from the Northern District of Georgia, the

Court issued Plaintiff, who is proceeding *pro se*, instructions regarding effecting service of process. (Doc. no. 13.) The Court also specifically informed Plaintiff that, under Fed. R. Civ. P. 4(m), he had 120 days from the date he filed his complaint to effect service. (Id. at 2.) After the time in which to effect service expired, the Court provided Plaintiff with the aforementioned extension. (See doc. no. 15.) Also, because it appeared Plaintiff did not understand how to effect service of process, the Court again instructed Plaintiff regarding how to effect service. (See id.)

In the instant motions, submitted after the extended time to effect service had expired, Plaintiff asserts: (1) he has actually already effected service of process upon Defendants (see doc. no. 16), and (2) counsel should be appointed to help him prosecute his case. (Doc. no. 17.) Contrary to Plaintiff's assertion, he has furnished nothing to show either (1) that any Defendant has waived formal service of process pursuant to Fed. R. Civ. P. 4(d), or (2) that any Defendant has actually been served pursuant to Fed. R. Civ. P. 4(e), 4(i), or any other provision of Fed. R. Civ. P. 4. When a defendant waives formal service of process, the plaintiff must file the waiver with the Court. Fed. R. Civ. P. 4(d)(4). Similarly, when formal service of process has not been waived, the plaintiff must provide the Court with proof of service. See Fed. R. Civ. P. 4(*l*). Absent some proof that Defendants have either waived service of process or actually been served personally, the instant case should be dismissed. See, e.g., Systems Signs Supplies v. Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990) (*per curiam*) (serving party bears burden of proving validity of service); see also Chester v. Green, 120 F.3d 1091, 1091 (10th Cir. 1997)(*pro se* litigant must furnish proof of service).

Of course, it is true that the Court has discretion to extend the time for service with

no predicate showing of good cause. Henderson v. United States, 517 U.S. 654, 662-63 (1996); Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005). However, the Court is not required to do so, and the decision regarding whether to extend the time for service is within the Court's sound discretion. Horenkamp, 402 F.3d at 1133. Here, Plaintiff has not identified good cause for his failure to timely effect service under the Court's already generous extension. See, e.g., Nelson v. Barden, No. 05-10757, 145 Fed. Appx. 303, 309 (11th Cir. Aug. 10, 2005)(*per curiam*)("'Good cause' exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" (quoting Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991), *superseded in part by rule as stated in* Horenkamp, 402 F.3d at 1132 n.2)). In fact, Plaintiff has not identified *any* reason to further extend the period for effecting service. To illustrate, there is no evidence that any Defendant is evading service or that dismissal of this action without prejudice would bar refiling of the action. See id. at 1132-33 ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." (quoting Fed. R. Civ. P. 4(m), advisory committee's note)).

Plaintiff filed this case in the Northern District of Georgia on July 15, 2005. See Kelley v. United States Marshal Service, CV 105-1869, doc. no. 1 (N.D. Ga. July 15, 2005). Thus, he has been afforded nearly a year to effect service of process upon Defendants. The Court will not turn Fed. R. Civ. P. 4(m)'s timely service requirement into a joke by extending the time limit for service *ad infinitum*. In this regard, the Court points out that Plaintiff's *pro se* status does not obviate his obligation to comply with Fed. R. Civ. P. 4(m). While *pro se*

3

litigants are entitled to liberal construction of their pleadings, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), "[l]iberal construction does not mean liberal deadlines." Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir.1999); see also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* litigant is in court, he is subject to the relevant law and rules of court. . . .). As the Sixth Circuit explained, "Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996); see also McNeil v. United States, 508 U.S. 106, 113 (1993)(explaining that the Court "never [had] suggested that procedural rules in ordinary civil litigation shall be interpreted so as to excuse mistakes by those who proceed without counsel," because "experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law"). In short, Plaintiff's *pro se* status does not give him a "free pass" from complying with Fed. R. Civ. P. 4(m). See, e.g., Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988).

Nor is the Court disposed to appoint Plaintiff counsel to help him prosecute the instant case. As a general rule, there is no entitlement to appointed counsel in a civil rights case. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992); Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Dean, 951 F.2d at 1216. Here, Plaintiff fails to show that exceptional circumstances exist (*e.g.*, that he brings a meritable claim of such complexity that counsel would materially assist in its presentation) to justify the appointment of counsel. See Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). Plaintiff's pleadings, while perhaps

4

inartful, demonstrate adequate ability to communicate with the Court. Indeed, given the Court's conclusion that Plaintiff has failed to effect service of process upon Defendants, there is no reason to appoint counsel.

In sum, the instant case should be dismissed for failure to effect service upon Defendants. Therefore, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motions (doc. nos. 16 & 17) be **DENIED** and that this case be **DISMISSED**.

SO REPORTED and RECOMMENDED this 8th day of May, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE