ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA 2006 AUG -8 AM 10: 15
AUGUSTA DIVISION

RALEIGH KELLEY,                    )
                                   )
        Plaintiff,                 )
    v.                             )        CV 105-135
                                   )
UNITED STATES MARSHAL              )
SERVICES, et al.,                  )
                                   )
        Defendants.                )

CLERK _B Mc Carthy
SO. DIST. OF GA.

---

**O R D E R**

---

Plaintiff, a federal inmate, brought the captioned matter

pursuant to <u>Bivens v. Six Unknown Federal Narcotics Agents</u>,

403 U.S. 388 (1971).    Plaintiff complains that, while

incarcerated at the McDuffie County Jail as a pretrial

detainee, he was attacked by another inmate and then denied

medical treatment for his resultant injuries.  Compl., pp. 3-

4.  The captioned matter is before the Court on Plaintiff's

objections to the Magistrate Judge's Report and Recommendation

that this case be dismissed for failure to effect service of

process on Defendants.  Upon consideration, I concur with the

Magistrate Judge's Report and Recommendation that this case be

dismissed.

Attached to his objections, Plaintiff provides documents

purporting to show that certain Defendants waived formal

service of process.  (<u>See</u> doc. no. 20, pp. 3-4.)  Of note, the

record contains no proof that any Defendant has been formally

served.  See Fed. R. Civ. P. 4(1) ("If service is not waived, the person effecting service shall make proof thereof to the court.").  To date, no Defendant has filed an answer or made an entry of appearance.

Given the state of the record, the Court has its doubts regarding whether any Defendant ever actually waived formal service of process.  At any rate, as the Magistrate Judge explained, the time in which to effect service of process expired long ago.  (See doc. no. 18, pp. 1-4.)  Plaintiff did not file his documents purportedly showing that Defendants had waived service of process until he submitted his objections on June 7, 2006--well after the time to effect service had expired.  Accordingly, I concur with the Magistrate Judge's determination that Plaintiff has failed to effect timely service of process.

Furthermore, assuming arguendo that this case should not be dismissed for failure to effect timely service of process, because Plaintiff is incarcerated, his case is subject to the screening provisions of 28 U.S.C. § 1915A.  Among other things, § 1915A empowers the Court to sua sponte dismiss any prisoner's complaint which fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b)(1).  The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison

2

conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." In the Eleventh Circuit, "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

Here, Plaintiff's complaint does not address whether administrative remedies are available or whether he made any attempt to exhaust administrative remedies regarding his claims. See generally Compl. The PLRA's mandatory exhaustion requirement applies to all federal claims brought by any inmate.[1] Porter v. Nussle, 534 U.S. 516, 520 (2002). Furthermore, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. Alexander v. Hawk, 159 F.3d

---

[1]Section 1997e(a) applies to pretrial detainees. See, e.g., Hall v. Richardson, No. 05-11016, 144 Fed. Appx. 835, 836 (11th Cir. Aug. 15, 2005) (per curiam); Peoples v. Gilman, 109 Fed. Appx. 381, 383, 2004 WL 2110719, at *1 (10th Cir. 2004); see also 42 U.S.C. § 1997e(h) ("As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."). It should be noted that, generally speaking, county jails and detention centers in Georgia do have grievance procedures. See Hall, 144 Fed. Appx at 836; Loque v. Chatham County Det. Ctr., No. 05-10983, 152 Fed. Appx. 781, 783, 2005 WL 2446083, at *1 (11th Cir. Oct. 4, 2005) (per curiam). Also of note, in a recent case brought by another pretrial detainee at McDuffie County Jail, the plaintiff admitted that the jail has an administrative grievance procedure. See Delatorre v. Marshall, CV 105-157, doc. no. 1, p. 3 (S.D. Ga. Sept. 12, 2005).

1231, 1325-26 (11th Cir. 1998).  Accordingly, Plaintiff's failure to allege that he exhausted administrative remedies prior to filing suit requires the dismissal of his complaint.

In sum, for the reasons explained above, I **ADOPT** the Magistrate Judge's Report and Recommendation that this case be dismissed.  All pending motions are **DENIED**, and this case is **DISMISSED** without prejudice for Plaintiff's failure to effect timely service of process, as well as his failure to allege that he exhausted administrative remedies.

**ORDER ENTERED** at Augusta, Georgia, this 8th day of August, 2006.

UNITED STATES DISTRICT JUDGE